**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALEAK KEON SALLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5104** |
| | : | |
| **RNS CALIGIURI, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**MCHUGH, J.** **OCTOBER 14, 2026**

Plaintiff Maleak Keon Salley, a convicted prisoner currently incarcerated at SCI Phoenix, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights and related state law claims arising from the Defendants' alleged deliberate indifference to his serious medical needs. Currently before the Court are Salley's Complaint ("Compl." (ECF No. 2)), his Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 7), and his Prisoner Trust Fund Account Statement, (ECF No. 3).[1] Salley asserts claims against RNS Caligiuri, Dr. Gohman,[2] Superintendent J. Terra, each named in their individual and official capacities, and the Pennsylvania Department of Corrections ("DOC"). ((Compl. at 2, 3.) The Court will grant Salley leave to proceed *in forma pauperis*. For the reasons provided, Salley's

[1] Also before the Court are two motions for appointment of counsel. (ECF Nos. 6, 8.) The requests for appointment of counsel are premature at this stage of the litigation because the Court concludes that no claims in the Complaint may proceed as pled. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). The Court will therefore deny the motions without prejudice to Salley's right to file a renewed motion for appointment of counsel in the future in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.

[2] Gohman is identified as a nurse in the Complaint.

deliberate indifference claims and grievance-based claims against Terra will be dismissed with prejudice. The remainder of his constitutional claims will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Salley's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Salley will be granted leave to file an amended complaint.

## I. FACTUAL ALLEGATIONS[3]

The events giving rise to Salley's claims occurred between August 30, 2025 and September 9, 2025 at SCI Phoenix. (Compl. at 4, 5.) Salley alleges that during this period, he developed cellulitis on his right arm, which he suggests originated from a bite or from his having volunteered to clean showers. (*Id*. at 4.) He describes his arm at this time as "bigger than his head and green and purple with pus coming out." (*Id*. at 5.) On August 30, 2025, he complained because he had not received medical treatment for his arm. (*Id*. at 4.) Subsequently, he was sent to the medical unit "multiple times." (*Id*.) He claims that Defendant Gohman did not document one of his visits. (*Id*.) During another visit, an unidentified nurse cut his arm in order to clean out the infection but allegedly cut it in the wrong place. (*Id*.) Following this procedure, Salley was unable to sleep or eat because of pain. (*Id*. at 5.) On September 2, 2025, he was admitted to Einstein Montgomery Hospital in Norristown through the Emergency Room and later underwent surgery on his arm. (*Id*. at 4.) He was discharged from the hospital on September 9, 2025. (*Id*.)

Salley avers that individuals including his cellmate Tysheen Santiago, Sergeants Venoblee and Turner, Unit Manager Shoneberger, and other inmates on his unit had observed his

[3] The factual allegations set forth in this Memorandum are taken from Salley's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Salley's pleading will be corrected for clarity.

arm and were aware that he was "being neglected." (*Id*. at 5.) His surgeon, Dr. Kris Williams, also became aware of his condition and placed photographs of his arm in his medical record. (*Id*. at 5.)

Salley filed a grievance reflecting the foregoing. (*Id*. at 4.) Attached to the Complaint is an Initial Review Response to the grievance Salley filed based on (1) the alleged failure of an unidentified officer to request medical care for his arm on August 30, 2025 when he reported pain, (2) the denial of care by a nurse when he was permitted to go to the medical unit on August 31, 2025, (3) and the absence of documentation reflecting his September 1, 2025 visit to the medical unit. (*Id*. at 11.) It also reflects that Salley was seen in the medical unit on September 2, 2025, where he was prescribed a seven-day course of antibiotics following drainage of the infection on his arm. (*Id*.) He was also prescribed wound care. (*Id*.) The Response reflects that the grievance was upheld in part (based on the missing documentation of the September 1, 2025 visit) and denied in part (because Salley received treatment on September 2, 2025), and his request for monetary compensation was denied. (*Id*.) Salley's Appeal to Facility Manager following the partial denial of his grievance is also attached to the Complaint. (*Id*. at 14.) On appeal, the Facility Manager, Defendant Terra, upheld the decision of the grievance officer. (*Id*. at 10.) Salley appealed the Superintendent's decision, and his appeal is attached to the Complaint.[4] (*Id*. at 13.) Also attached are copies of Inmate Passes reflecting that Salley reported to the medical unit for wound care on several occasions. (*Id*. at 16-17.)

Salley asserts Eighth Amendment deliberate indifference claims, and state law medical malpractice claims against the Defendants. (*Id*. at. 3.) He seeks money damages. (*Id*. at 5.)

---

[4] The final decision, if any, is not included with the exhibits.

## II. STANDARD OF REVIEW

The Court will grant Salley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Salley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc.*

---

[5] Because Salley is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

*v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Salley asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

### A. Claims Against the DOC and Official Capacity Claims

Salley asserts claims for money damages against the DOC and names Commonwealth employees in their official capacities. (*See* Compl.) However, the Commonwealth, its agencies, as well as its employees named in their official capacities are not considered "persons" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (explaining that a state agency may not be sued under Section 1983 because it is not a "person"); *Metroka v. Pa. State Law Enforcement*, Nos. 23-2004, 23-2220, 23-2847, 2024 WL

4164272, at *2 (3d Cir. Sept. 12, 2024) ("[T]he Pennsylvania State Police is a state agency, not a person within the meaning of § 1983."); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (*per curiam*) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983). Also, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Allen v. N.J. State Police*, 974 F.3d 497, 505 (3d Cir. 2020) (noting that the Supreme Court has interpreted the Eleventh Amendment "to shield States and certain State-affiliated entities from suits for damages in federal court" (quoting *Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 654 (3d Cir. 2018)); *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (explaining that the Amendment bars suits against states for damages and against "arms of the state"). Finally, suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *Allen*, 974 F.3d at 506; *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 241 (3d Cir. 2010) (citing *Will*, 491 U.S. at 71). Accordingly, the claims for money damages Salley seeks to assert against the DOC and all official capacity claims against DOC employees will be dismissed without prejudice. *See Merritts v. Richards*, 62 F.4th 764, 769 (3d Cir. 2023) (holding that dismissals based on Eleventh Amendment should be without prejudice).

### B. Deliberate Indifference Claims

Salley asserts Eighth Amendment deliberate indifference claims based on the Defendants' alleged indifference to his serious medical need. (Compl. at 4, 5.) He alleges that

his initial request for medical care for cellulitis on his arm was refused on August 30, 2025, that he was refused care on a visit to the medical unit, and that another visit to the medical unit was not properly documented. (*Id*. at 4, 5.) He also alleges that the care he received – an incision to drain the infection from his arm – was performed incorrectly, which resulted in his later admission to the hospital for emergency surgery. (*Id*.) The Court understands him to allege that his treatment was delayed, and the care he received was inadequate. (*Id*. at 3, 4.) His claims, as pled, are not legally plausible.

A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) *cert. denied*, 146 S.Ct. 2731 (2026) (citation omitted). This standard is met when a delay or denial of medical care is intended to inflict pain without medical justification or is based solely on a nonmedical reason without any effort to mitigate harm. *DiFraia v. Ransom*, 171 F.4th 622, 630 (3d Cir. 2026).

Inadequate medical care rises to the Eighth Amendment level only when a plaintiff can show both a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble,* 429 U.S. 97, 102, (1976). Not every complaint of inadequate prison medical care rises to the level of deliberate indifference. *Anderson v. Price*, No. 22-3058, 2023 WL 5814664, at *2 (3d Cir. Sept. 8, 2023) (*per curiam*). "Where a prisoner is receiving some amount of medical treatment, [courts] presume that the treatment is adequate absent evidence that it violates professional standards of care." *Id.* (affirming dismissal of deliberate indifference claims on screening) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990); *see also Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (*per curiam*) ("Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners."); *Davis v. Superintendent Somerset SCI*, 597 F. App'x 42, 45 (3d Cir. 2015) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, 'federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'") (*per curiam*) (quoting *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). Moreover, mere disagreement with a prison medical provider's treatment plan is insufficient to allege a plausible deliberate indifference claim. *See Ryle v. Fuh*, 820 F. App'x 121, 123-24 (3d Cir. 2020) ("Ryle also cannot show deliberate indifference with regard to Nurse Green or Dr. Jackson because he expressed only "mere disagreement" with their post-surgery treatment plan.").

Salley alleges that he requested medical care on August 25, 202 and that his request was denied. (Compl. at 4, 11.) He does not identify who denied his request or why and, as a result,

has not stated a plausible claim based on this occurrence. He next alleges that when he went to the medical unit on August 31, 2025, he was denied care. (*Id.*) He does not identify who denied him care or why and, as a result, has not stated a plausible claim based on this occurrence. It may be that Salley intends to state a claim based on these incidents insofar as they delayed his medical treatment. For the reasons stated, he has not done so plausibly and any claims based on a delay in care will be dismissed without prejudice to Salley's providing additional factual support in an amended complaint.

Salley next alleges that Defendant Gohman did not document his September 1, 2025 visit to the medical unit. (*Id.*) He does not allege that Grohman denied, refused, delayed, or prevented treatment, only that the visit was not documented. The allegations regarding Grohman's conduct are undeveloped and do not provide a plausible basis for an Eighth Amendment violation. Salley's claims against Gohman will be dismissed. The dismissal will be without prejudice to Salley filing an amended complaint with additional factual allegations.

Salley next alleges that when he was treated on September 2, 2025, the unidentified nurse, in the course of draining his infection, cut his arm in the wrong place. (*Id.* at 4, 5.) Salley concedes that this procedure was performed (*see id.* at 13), but claims that it was ineffective, and as a result, he required admission to the hospital and emergency surgery. (*Id.*) This incident does not provide a basis for an Eighth Amendment claim in part because Salley does not identify the nurse who provided the care, but more importantly because it reflects that Salley did receive care – his wound was incised and cleaned out and he was prescribed antibiotics, and when that course of treatment proved ineffective, he was sent to the hospital for additional care. (*See id.* at 10, 11.) At best, Salley's claims asserts that the attempt to drain his arm was negligent. But "[m]ere negligence, . . . even if it constitutes medical malpractice[,] falls short of deliberate

indifference. So does mere disagreement between the prisoner and medical personnel over the proper course of treatment." *Montanez*, 154 F.4th at 141 (first citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); then citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)); *see also Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) ("Allegations of mere negligent treatment or even medical malpractice do not trigger the protections of the Eighth Amendment.") As such, he has not stated a plausible claim for deliberate indifference to his serious medical needs based on the treatment he received. *Davis*, 597 F. App'x. at 45. Salley's deliberate indifference claims will be dismissed as not plausible, and he will be granted leave to amend these claims to address the deficiencies identified.

**D. Claims Against Terra**

**1. Eighth Amendment and Grievance Based Claims**

Salley asserts claims against Terra but does not allege that he participated in the delay or denial of medical care giving rise to his claims, or that he was aware of the alleged violations at the time they occurred. (*See* Compl.) Any such claim against Terra, however, would not be plausible. "If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (*per curiam*) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). Further, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Spruill*, 372 F.3d at 236. As pled, Salley was, at all relevant times, under the care of the

SCI Phoenix medical staff, and Terra is a non-medical prison official. Therefore, Salley cannot state a plausible deliberate indifference claim against Terra and any such claim will be dismissed with prejudice

Salley may base his claims against Terra on Terra's review of Salley's appeal of the partial denial of his grievance. However, participation in the grievance process does not, without more, establish involvement in the underlying constitutional violation. *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue]."); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."). *Dooley*, 957 F.3d at 374 (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)). *See also Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("Contrary to Robinson's assertions, awareness of a grievance or complaint after the allegedly unconstitutional conduct has occurred, without more, is insufficient to establish personal involvement.") Any claim against Terra based on his participation in the grievance process will be dismissed with prejudice.

**2. Claims Based on Supervisory Position**

Salley may be attempting to assert claims against Terra in light of his supervisory position at SCI Phoenix. However, a supervisor cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Also, liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Chavarriaga*, 806 F.3d at 227; *Robinson*, 2022 WL 17248100, at *2. Rather, "[s]uits against

high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga*, 806 F.3d at 227.

The first type of liability includes a failure to supervise, however, a plaintiff asserting such a claim must "identify a supervisory policy or practice that the supervisor failed to employ, and then allege plausibly that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Barkes*, 766 F.3d at 317; *see also Chavarriaga*, 806 F.3d at 227. A supervisory claim requires "a showing that there was an actual constitutional violation at the hands of subordinates" before finding liability on the part of the supervisor prison official. *Allen v. Eckard*, 804 F. App'x 123, 127 (3d Cir. 2020) (*per curiam*) (concluding that failure to train and supervise claims asserted against supervisor defendants were meritless where the plaintiff failed to make a plausible showing of an underlying constitutional violation).

For the reasons stated herein, Salley has not plausibly alleged that his Eighth Amendment rights were violated. *See supra*. As such, he has not stated a plausible supervisory liability claim. *Allen*, 804 F. App'x at 127. Because Salley has not stated a plausible claim against Terra, these claims will be dismissed without prejudice. Salley will be granted leave to amend these claims.

**D. State Law Claims**

Because the Court has dismissed Salley's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.")

Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to

remain there indefinitely." *Id.* Residence alone is insufficient to establish domicile. *See Freidrich v. Davis,* 767 F.3d 374, 377 (3d Cir. 2014) (explaining that "[c]itizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." (internal quotations and citation omitted)). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *Lincoln Benefit Life Co*., 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)); *see also Haiying Xi v. Shengchun Lu,* 226 F. App'x 189, 190 (3d Cir. 2007) (*per curiam*) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Salley does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Salley has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue, and these claims will be dismissed for lack of subject matter jurisdiction. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action). The dismissal will be without prejudice, and Salley may address the deficiencies identified in his state law claims in an amended complaint or may file his state law claims in the appropriate state court if he chooses to do so, where federal jurisdiction will not be an issue. *See*

*Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))); *see also N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Salley leave to proceed *in forma pauperis*. Salley's deliberate indifference claims and grievance-based claims against Terra will be dismissed with prejudice. The remainder of his constitutional claims will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. He will be granted leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**